UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**NEW WATER COMPANY** *et al.*                                                              **PLAINTIFFS**

**v.**                                                                    **CIVIL ACTION NO. 3:15CV-96-DJH**

**KENTUCKY ICE FARM** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

This action was filed on a general complaint form. Mike Profitt, *pro se*, signed the complaint but is not listed as a Plaintiff in the caption or parties' section of the complaint. Instead, Profitt lists "New Water Company" and "New Farm Patent" in the caption as Plaintiffs and lists the following Plaintiffs in the parties' section: "New Farm Patent – Apple Trees"; "New ketchup Patent By Red Koo-Aid"; and "All purpose Flour Vegitarian." As Defendants in the caption and parties' section of the complaint, Profitt lists Kentucky Ice Farm; "Rupe Arena Rental"; and "Dowtown Louisville." Throughout the complaint (in designated areas of the form, in the margins, and in attached pages), Profitt's statements are difficult to understand, incomplete, and often illegible. As grounds for filing this case in federal court, for instance, Profitt writes: "Cleaning Bank Money – Soon [illegible] United Bank With Kentucky Ice Farm Payment – As seen on T.V. put Hermenvtic close And put lid on Ice Trays – F.B.I. Clean Tobacco Smoke Town – I do have Tobacco White [illegible] & All Seeds! Pakistan." As his statement of claim, he makes statements like "Divine Simple Solution"; "New Toothbrush – Throat Protector"; "New None sweatable Ambulance Sergical glove pat. #8260"; "Police Force – Clean Obama Barack president – MR. Goldburg PartTime Theatre"; "MR. Profitt has to have A Warrant before Arrest No LMDC Jail Arrest [illegible] Rape If No Warrant Must Go to

Hospital Because of Secret Ser. Lies And US Marshalls.  Only Clean Diet McDonalds." As relief, Profitt asks the Court for the following:  "Send Kentucky Ice Farm Info . . . It goes with As seen on T.V. No outside Need New Farm Patent"; "The New Farm Patent Stacks in Legers"; "Send Me US Bank ownership"; and "Send Toothbrush Throat protector."

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The instant complaint meets this standard.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  The complaint also fails to meet this basic pleading standard.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Finally, Profitt, a non-attorney, is prohibited from representing the listed Plaintiffs to the extent they may be legitimate entities of some sort. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.").

For these reasons, the Court will dismiss this action by separate Order.

Date: March 2, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.005